USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/02/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

MICHAEL ORTIZ,

Defendant.

25-cr-345 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant Michael Ortiz ("Defendant" or "Ortiz") moves, pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a), to sever Counts Five through Seven of the indictment from Counts One through Four. Dkt. No. 95. For the following reasons, the motion is denied.

On August 19, 2025, a grand jury sitting in this District returned a nine-count superseding indictment against Ortiz and five co-defendants (the "Indictment"). Dkt. No. 5. Ortiz is charged in Counts One through Four with federal crimes relating to his involvement in a September 1, 2020 robbery and murder in the Bronx, New York. *Id.* ¶¶ 4–7. The Indictment charges that Ortiz knowingly committed an armed robbery of a marijuana dealer in the vicinity of 1908 Prospect Avenue in the Bronx, New York, and that during that robbery, Ortiz shot and killed Jeffrey German. *Id.* Counts One through Four charge that Ortiz committed the robbery and murder with his co-defendants Storm Jones ("Jones"), Randy Maccow ("Maccow"), Mario Medina ("Medina"), and Jayson Holland ("Holland"). *Id.* For his participation in the armed robbery and murder on September 1, 2020, Ortiz is charged with the following federal crimes: (1) conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, *id.* ¶ 4; (2) Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2, *id.* ¶ 5; (3) murder through the use of a firearm during and in relation to the

Hobbs Act robbery, in violation of Title 18, United States Code, Sections 924(j) and 2, *id.* ¶ 6; and (4) knowingly using and carrying a firearm and possessing a firearm during and in relation to the Hobbs Act robbery and in furtherance of the Hobbs Act robbery, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2, *id.* ¶ 7.

Counts Five through Seven of the Indictment charge Ortiz with federal crimes relating to his involvement in a November 3, 2020 robbery in the Bronx, New York. *Id.* ¶¶ 8–10. The Indictment charges that Ortiz and co-defendant Francis Ofori ("Ofori") committed an armed robbery of a marijuana dealer in the vicinity of 805 Fairmount Place in the Bronx, New York, and that they possessed and carried a firearm in relation to that crime. *Id.* For his participation in the armed robbery on November 3, 2020, Ortiz is charged with the following federal crimes: (1) conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, *id.* ¶ 8; (2) Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2, *id.* ¶ 9; and (3) knowingly using and carrying a firearm and possessing a firearm during and in relation to the Hobbs Act robbery and in furtherance of the Hobbs Act robbery, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2, *id.* ¶ 10.

The Indictment charges that Ortiz and his co-defendants were members of a group of individuals, whom the Indictment terms the Elsmere Crew, that utilized a residence located at 804 Elsmere Place in the Bronx, New York, to plan crimes of violence and to hide from law enforcement after committing those crimes, and that in each of the two robberies, members of the Elsmere Crew: (i) persuaded a victim to deliver marijuana to the vicinity of 804 Elsmere Place; (ii) left together from 804 Elsmere Place to the site of the purported drug purchase; (iii) confronted and robbed the victim with firearms; and (iv) fled to 804 Elsmere Place afterward.

*Id.* ¶¶ 1, 3. Counts Eight and Nine charge a defendant other than Ortiz. *Id.* ¶¶ 11–14. Jones, Maccow, Medina, Holland, and Ofori have pled guilty pursuant to plea agreements. Ortiz's trial is scheduled for December 7, 2026. *See* Aug. 26, 2026 Minute Entry.

Ortiz argues that Counts One through Four of the Indictment are improperly joined with Counts Five through Seven and that, even if they are properly joined, the counts should be severed for purposes of trial. Dkt. No. 95.

Ortiz's motion is untimely. "The Federal Rules of Criminal Procedure provide that certain types of objections to a prosecution 'must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits.'" *United States v. O'Brien*, 926 F.3d 57, 82 (2d Cir. 2019) (quoting Fed. R. Crim. P. 12(b)(3)). A motion alleging a defect in the indictment such as improper joinder or seeking a severance is considered a 12(b)(3) pretrial motion. *See* Fed. R. Crim. P. 12(b)(3)(B)(iv), (D). Federal Rule of Criminal Procedure 12(c)(1) gives the Court the authority to set a deadline for the parties to make Rule 12(b)(3) pretrial motions, Fed. R. Crim. P. 12(c)(1), and Federal Rule of Criminal Procedure 12(c)(3) specifies that if a party fails to meet a deadline for making a Rule 12(b)(3) motion, the motion is untimely and may be considered only upon a showing of good cause, Fed. R. Crim. P. 12(c)(3). Good cause under Rule 12(c)(3) requires at a minimum that there be "'some legitimate explanation for the failure to timely file.'" *United States v. Archuleta*, 2018 WL 8646703, at *2 (S.D.N.Y. July 31, 2018) (quoting *United States v. Billings*, 2016 WL 6772038, at *2 (W.D.N.Y. Oct. 5, 2016)).

At the conference on May 7, 2026, the Court established a deadline of July 14, 2026, for pretrial motions. May 7, 2026 Minute Entry. The Court later extended that deadline at the request of all defendants to August 4, 2026. Dkt. No. 78. At a conference on August 26, 2026,

Ortiz confirmed that he had not made any pretrial motions. Transcript of August 26, 2026 Status Conference at 2:19–24 (acknowledging that "[t]he deadline for defense motions has passed" and that Defendant would "have motions in limine but no defense motions otherwise"). This motion was filed on October 13, 2026, more than two months after the deadline for pretrial motions and within two months of the date for trial. Dkt. No. 95.

Ortiz could have made the current motion within the deadline established by the Court. The motion is based on information on the face of the Indictment, including that the two robberies are alleged to have occurred at different times and in different places and to have involved different participants. Ortiz also has made no argument for why he could not have timely filed the motion. His arguments therefore are untimely and waived. *See United States v. Randazzo*, 2026 WL 2838986, at *1 (E.D.N.Y. Sept. 22, 2026) (denying as untimely pretrial motion filed 42 days after deadline and less than one week before trial where defendant did not seek leave to file an untimely motion or attempt to demonstrate good cause); *United States v. Kelly*, 609 F. Supp. 3d 85, 141 (E.D.N.Y. 2022) (finding that Rule 12(b)(3) motion was untimely and thereby waived when basis for motion was available before trial).

In any event, Ortiz's motion is without merit. Rule 8(a) permits joinder of offenses against a single defendant when the offenses (1) "are based on the same act or transaction," (2) "are connected with or constitute parts of a common scheme or plan," or (3) "are of the same or similar character." Fed. R. Crim. P. 8(a); *see United States v. Turoff*, 853 F.2d 1037, 1042 (2d Cir. 1988). For joinder to be proper under Rule 8(a), all counts must be of the same or similar character. "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)). "Counts that have a sufficient

logical connection to each other can be tried together, as can those where the same evidence may be used to prove each count." *Id.* (internal citations and quotation marks omitted). The "court may consider both what is alleged in the indictment as well as the Government's pretrial representations of the evidence that will be presented at trial." *United States v. Ezeobi*, 2011 WL 3625662, at *1 (S.D.N.Y. Aug. 17, 2011). The Second Circuit has "allowed the joinder of separate robbery counts when they occurred in close geographical or temporal proximity and the perpetrator used the same *modus operandi* in each." *United States v. Tubol*, 191 F.3d 88, 94 (2d Cir. 1999) (citing *United States v. Di Giovanni*, 544 F.2d 642, 644 (2d Cir. 1976)); *accord United States v. McManus*, 2012 WL 3526669, at *4 (S.D.N.Y. Aug. 10, 2012) (holding that joinder of different bank robbery counts against a single defendant in the same indictment was proper where the robberies involved a similar institutional victim, occurred in the same short period of time and in the same county, and involved a similar *modus operandi* notwithstanding that the *modus operandi* was not unique).[1]

The counts are properly joined. The two robberies at the heart of each set of counts are of the same or similar character. In each instance, Defendant and his co-conspirators robbed a marijuana dealer at gunpoint, left from Defendant's residence before the robbery, and returned to Defendant's residence after the robbery. The robberies occurred approximately two months apart, within about one block of each other. In each instance, Defendant and his co-conspirators robbed the marijuana dealer after approaching the intended victim's vehicle and brandishing and discharging a firearm. *See United States v. Griffin*, 811 F. App'x 683, 685 (2d Cir. 2020)

---

[1] In *Tubol*, the Second Circuit held that joinder of counts regarding an appliance store robbery with counts regarding a bank robbery was improper because the robber in each robbery "targeted distinctly different victims" and "used distinctly different methods." 191 F.3d at 95. In this case, by contrast, the two robberies allegedly targeted similar victims and used similar methods.

(summary order) (counts properly joined where they "involved the sale and purchase of the same narcotic, in the same city, within the same approximately one-year period," even though they involved sales to different individuals); *see also United States v. Wilson*, 512 F. App'x 75, 76–77 (2d Cir. 2013) (summary order) (counts properly joined where all offenses charged were of a similar character and counts constituted parts of a common scheme or plan); *United States v. Meszaros*, 381 F. App'x 55, 56 (2d Cir. 2010) (summary order) (counts properly joined despite "some differences between the charges" where the basic facts of the wire fraud were "overwhelmingly similar").

"Notwithstanding proper joinder, a defendant may move under Fed. R. Crim. P. 14 for separate trials of counts charged in the same indictment if he believes the joinder is prejudicial." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991). In order to prevail on a motion to sever, a defendant "must show not simply some prejudice but *substantial* prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004). "Moreover, Rule 14 'leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.'" *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "'[L]ess drastic measures [than severance], such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *Id.* (quoting *Zafiro*, 506 U.S. at 539).

Ortiz argues that joinder of the counts charging two different robberies would be prejudicial because it would "invite the jury to infer a criminal disposition on the part of Mr. Ortiz." Dkt. No. 95 at 5. The thrust of Ortiz's argument is that introduction of evidence regarding the November 2020 robbery would cause the jury to conclude that Ortiz also committed the September 2020 robbery and vice versa. He also argues that evidence of one robbery would not be admissible in the trial of the other because there is no evidence of a

"common plan or scheme." *Id.* at 6. But those arguments are ill-founded. Proof that Ortiz committed the November 2020 robbery would be admissible under Federal Rule of Evidence 404(b) as evidence of his intent with respect to the September 2020 robbery, and the Court can and will address the risk of a spillover effect by a limiting instruction and charging the jury that it must consider the evidence as to each count separately. *See United States v. Felder*, 2016 WL 1659145, at *4 (S.D.N.Y. Apr. 22, 2016).

Ortiz's motion to sever is therefore DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 95.

SO ORDERED.

Dated: November 2, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge